IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAT EMERSON

VS.

WEMBLEY USA, INC., ET AL.

No. 03-N-1793 (BNB)
U.S. District Court
District of Colorado

**04 MBD 10089**

### DANIEL BUCCI'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF AUTHORITIES

Daniel Bucci respectfully represents to this Honorable Court as follows:

1. On or about March 15, 2004, he was served with a subpoena to appear for deposition and produce documents in the above matter. A copy of the subpoena is attached hereto as Exhibit 1.

2. Mr. Bucci hereby objects to the subpoena in all respects, and further states that compliance with the subpoena will be unduly burdensome.

3. Mr. Bucci further objects to the subpoena on the ground that he is a defendant in a criminal proceeding presently pending in the United States District Court for the District of Rhode Island, captioned United States v. Nigel Potter, et als., CR No. 03-081-02 ML, which proceeding arises out of his employment with a corporate affiliate of the defendant in the within action, and his truthful testimony at any deposition in this matter will compromise his attorney-client, self-incrimination and common interest privileges, and cause disclosure of information created, acquired or maintained in preparation of trial in his criminal case, in violation of the work-product privilege. It is Mr. Bucci's intention, at least during the pendency of the criminal case in which he is a

defendant, to assert his constitutional privileges not to testify with respect to any and all requests made to him for information or testimony.

4. With respect to documents requested by the subpoena, Mr. Bucci further states that he is in possession of no documents that fall within the scope of the request made in the subpoena, and to the extent that any such documents exist and he has ever had them, they are now in the possession of his attorney in the criminal proceeding, Anthony M. Traini, who has himself been subjected to a subpoena to produce said documents for inspection and copying, and that any such documents have now become part of his attorney's file in his criminal case and are being used in preparation for the criminal trial.

The subpoena should also be quashed because there has been no showing that Mr. Bucci's testimony would be relevant to the allegations contained in the Plaintiff's complaint. Under Fed.R.Civ.P. 26, a party seeking to obtain discovery is limited to material that is "relevant to the claim or defense of any party" and that is "reasonably calculated to lead to the discovery of admissible evidence." Third-party subpoenas under Fed.R.Civ.P. 45 are subject to the same constraints and other limitations that apply to other methods of discovery, including the relevancy requirement of Rule 26. See Apfel v. Murphy, 70 F.R.D. 651, 655 (D.R.I. 1976) (granting motion to quash subpoena for deposition testimony and documents because "plaintiffs have not made a sufficient showing of relevancy"). Fed.R.Civ.P. 26(c) provides that, upon a showing of good cause, the presiding court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Even more pertinent, Fed.R.Civ.P. 45(c)(1) imposes upon the party issuing a subpoena a duty

to avoid imposing an undue burden or expense on the person subject to the subpoena, and Fed.R.Civ.P. 45(c)(3)(A)(iv) commands that a court "shall" quash or modify a subpoena if the subpoena "subjects a person to undue burden."

Whether a subpoena imposes an "undue burden" "depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y.1996) (quoting United States v. IBM Corp., 83 F.R.D. 97, 104 (S.D.N.Y.1979)). The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. E.g., Salvatorie Studios Int'l v. Mako's Inc., 2001 WL 913945, at 1, 2001 U.S.Dist.LEXIS 11729, at 2 (S.D.N.Y. Aug.14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties. Here, the burden is on Mako's [who issued the subpoena] to demonstrate relevance."). Additionally, "the status of a witness as a non-party to the underlying litigation entitles [the witness] to consideration regarding expense and inconvenience." Concord Boat Corp., 169 F.R.D. at 49 (quoting Fed.R.Civ.P. 45(c)(2)(B)). Moreover, at a minimum, the Plaintiff should be required to first conduct all other discovery to determine the extent, if any, of Mr. Bucci's involvement in the activities alleged in the complaint, prior to issuing third party subpoenas. See, e.g., Liberty Mut. Ins. Co. v. Diamante, 194 F.R.D. 20, 23 (D.Mass. 2000) (granting motion to quash and stating that party issuing subpoenas should have taken steps to obtain information from opposing party prior to issuing subpoenas to third parties who had no connection with the case). Thus, even if the Court

is not inclined to quash the subpoena outright, it should revisit the issue after the completion of all other discovery in the Plaintiff's case and after Mr. Bucci's criminal trial to assess whether there has been identification of Mr. Bucci as a third party individual whose testimony may be relevant or reasonably calculated to lead to the discovery of admissible evidence, whether such information has not already been obtained elsewhere, and whether the reasons for Mr. Bucci's invocation of his various privileges are no longer applicable.

WHEREFORE, Mr. Bucci respectfully moves this Honorable Court (a) that, pursuant to the provisions of F.R.Civ.P. 45(d)(1), the subpoena be quashed; or alternatively (b) that, pursuant to the provisions of F.R.Civ.P. 26(c), a protective order issue that he not be required to be deposed until such time as (i) his constitutional privilege against self-incrimination and his attorney-client and work product privileges are no longer applicable, and (ii) the plaintiff has demonstrated that his proposed testimony is relevant and that the information sought from him is not available from any other source; and (c) such further relief as the Court deems appropriate.

### **REQUEST FOR HEARING**

Mr. Bucci respectfully requests a hearing on the within motion, and has filed simultaneously herewith a Motion To Transfer the within matter to the United States District Court for the District of Rhode Island for hearing and determination.

Respectfully submitted,
DANIEL BUCCI,
By His Attorney,

_Anthony M. Traini_
Anthony M. Traini
BBO# 501560
56 Pine Street-Suite 2
Providence, RI 02903
Tel.   (401) 621-4700
Fax    (401) 621-5888

### CERTIFICATION PURSUANT TO LOCAL RULE

Pursuant to Local Rule 7.1(A)(2) of this Court, I hereby certify that prior to filing the within Motion To Quash Subpoena and For Protective Order I conferred with opposing counsel and attempted, in good faith, to resolve or narrow the issues raised in the Motion.

_Anthony M. Traini_

### CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2004, I served a copy of the foregoing pleading by mail, postage prepaid, and by facsimile to 303.894.0104 upon:

| | |
|---|---|
| Melissa A. Clack, Attorney at Law<br>Zupkus & Angell<br>555 Eighth Avenue<br>Denver, CO 80203 | William T. Hogan, III, Esquire<br>66 Long Wharf<br>Boston, MA 02110 |

_Anthony M. Traini_

5