IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAT EMERSON | : |
| | :     No. 03-N-1793 (BNB) |
| VS. | :     U.S. District Court |
| | :     District of Colorado |
| WEMBLEY USA, INC., ET AL. | : |

04mbd10089

## DANIEL BUCCI'S MOTION TO TRANSFER
## WITH INCORPORATED MEMORANDUM OF AUTHORITIES

Daniel Bucci respectfully represents to this Honorable Court as follows:

1. On or about March 15, 2004, he was served with a subpoena to appear for deposition and produce documents in the above matter. A copy of the subpoena is attached hereto as Exhibit 1.

2. Mr. Bucci has filed simultaneously herewith a Motion To Quash Subpoena and For Protective Order (which Motion is hereby incorporated herein), on multiple grounds, including without limitation the ground that compliance with the subpoena would be unduly burdensome, and on the further ground that he is a defendant in a criminal proceeding presently pending in the United States District Court for the District of Rhode Island, captioned United States v. Nigel Potter, et als., CR No. 03-081-02 ML, the significance of which, in the context of the Motion To Quash Subpoena and For Protective Order, is described therein.

3. On March 16, 2004, Mr. Bucci's counsel in the criminal case, Anthony M. Traini, was served (by the same Plaintiff as in Mr. Bucci's subpoena) with a subpoena duces tecum for a multitude of documents (the same documents requested to be produced

by Mr. Bucci in his subpoena), the location and production of which will, inter alia, require a review of over forty thousand (40,000) pages of material that is presently being used in the preparation of Mr. Bucci's criminal case. Mr. Traini has objected to the subpoena served upon him, and this Objection will be properly litigated in the United States District Court for the District of Rhode Island where Mr. Traini is located and where the criminal case is presently pending. A copy of Mr. Traini's Objection To Subpoena To Produce Documents is attached hereto as Exhibit 2.

4.  Another individual defendant in the criminal case in Rhode Island, Nigel Potter, is represented by Rhode Island criminal counsel C. Leonard O'Brien. On or about March 21, 2004, Mr. O'Brien was served by the Plaintiff with a subpoena identical to that served upon Mr. Traini, seeking the same documents, and Mr. O'Brien has filed or will shortly file with Plaintiff's counsel an Objection To Subpoena To Produce Documents as well, which Objection will be litigated in the District of Rhode Island.

5.  Criminal counsel for the corporate defendant in the Rhode Island case, John A. Tarantino, of the law firm of Adler, Pollock & Sheehan, P.C., has also recently been served with a subpoena by Plaintiff which, although somewhat different in the scope of the documents sought to be produced, is also the subject of an Objection To Subpoena To Produce documents which has or will shortly be served upon Plaintiff's counsel, and this Objection will likewise be litigated in the District of Rhode Island.

6.  Although Mr. Bucci resides in Massachusetts, (a) any and all documents relevant to the subpoenas and/or the deposition are located in Rhode Island, as is Mr. Bucci's counsel, as well as counsel for the other defendants in the criminal case, and local counsel for the defendants in the Colorado case; (b) the matters upon which Mr.

2

Bucci is sought to be examined occurred or originated either in Rhode Island, or in the United Kingdom, and to the extent that any of the documents is necessary to the examination of Mr. Bucci or otherwise to the conduct of the deposition, such documents are either located in Rhode Island or subject to Objections that must be litigated there;[1] (c) the activities that are the subject of the Plaintiff's complaint, to the extent they involve Mr. Bucci or upon which he may or may not have any relevant testimony, arose out of his position as CEO of Lincoln Greyhound Park, a Rhode Island business, owned, operated, or supervised at all relevant times either by an entity that is a defendant in the Plaintiff's litigation, or by a Rhode Island entity, or by the parent company, Wembley, plc, located in the United Kingdom, and whose United States counsel is located in Rhode Island. There is no nexus of any kind, other than Mr. Bucci's residence, with the District of Massachusetts.

7.  Furthermore, to the extent that Motions To Compel are filed in the District of Rhode Island in response to the Objection filed by the various counsel to the criminal defendants, they will likely be considered related cases and assigned to the Judge presently handling the criminal case (the Honorable Mary M. Lisi), particularly since the documents that are the subject of the subpoenas comprise certain of the discovery in the criminal case.

8.  The Court in the best position to rule on whether and/or to what extent Mr. Bucci should be required to testify at a deposition, now or in the future, or whether and/or to what extent the attorneys involved in the criminal case should or may be compelled to produce documents that are presently being used for the preparation of the criminal trial

---

[1] See F.R.Civ.P. 45(d)(1).

and may also be subject to various privileges, is the Court handling the criminal case. Moreover, with the exception of Colorado counsel, all other counsel that are involved are likely to be involved in any of these matters are located in Rhode Island.

9. Transferring this matter to the District of Rhode Island will not result in any prejudice or inconvenience to the Plaintiff, as she will be required to obtain local counsel in either this District or the District of Rhode Island, and travel to either District is effectively the same.

In further support of this request to transfer, Mr. Bucci states as follows[2]:

As noted above, he has moved, simultaneously herewith, pursuant to F.R.Civ.P. 26(c) for a protective order, and pursuant to F.R.Civ.P. 45(d)(1) to quash the subpoena for his deposition. As the Court is also aware, Mr. Bucci's subpoena called for production of the same documents that are sought in the subpoena served upon his counsel (attached to Exhibit 2 hereto). It is therefore noteworthy that first, counsel for Mr. Bucci therefore reasonably believes that, although relevancy is not in any way conceded, Plaintiff's counsel (at least) takes the position that the documents are relevant and necessary to the deposition; and secondly, as the Motion To Quash and For Protective Order states, Mr. Bucci does not have any of the documents, and in fact they are, to the extent they exist at all, in the possession of his counsel, Mr. Traini.

---

[2] Although counsel has been unable to locate any case directly on point, that is, a decision involving the transfer of a discovery-related motion of a non-party from the Court having initial personal jurisdiction over the non-party to a court other than that having jurisdiction of the underlying action, the available case law does indicate that the same considerations applicable under 28 U.S.C. §1404 should be relevant [see, e.g., Bank of Texas v. Computer Statistics, Inc., 60 F.R.D. 43, 45 (S.D.Tex., Houston Div. 1973)("proposed transfers are governed by the 'convenience of parties and witnesses' and 'interest of justice' standard for all changes of venue. 28 U.S.C. §1404(a)"]. Moreover, the cases cited herein that consider these issues in the context of requests to transfer to the primary court contemplate the use of the same factors, and their rationales are helpful here.

Mr. Traini's Objection To The Subpoena Duces Tecum served upon him should, according to the provisions of F.R.Civ.P. 45(c)(2)(B), be litigated in Rhode Island. On the other hand, F.R.Civ.P. 26(c), under which the Motion For Protective Order is brought, allows the Court in the district in which the deposition is to be taken to "make any order which justice requires."[3] See, Pactel Personal Communications v. JMB Realty Corporation, 133 F.R.D. 137, 138-139 (E.D.Mo. 1990). Moreover, since (a) any relevant conduct on the part of Mr. Bucci would have occurred or originated in Rhode Island, (b) the documents which are the subject of the various subpoenas and to which Mr. Bucci might be required to refer if in fact his deposition is allowed to be taken are (i) voluminous, (ii) located in Rhode Island, (iii) part of his criminal defense counsel's trial preparation file in the criminal case, and (iv) the exploration of which will undoubtedly involve privilege issues germane to the criminal case, any discovery issue involving Mr. Bucci's proposed testimony or the production of any documents in the control of him or his counsel, should be litigated in Rhode Island. See, e.g., Lampshire v. Proctor & Gamble, 94 F.R.D. 58, 59-61 (N.D.Ga., Atlanta Div. 1982).

Additionally, there should be no concern over the Rhode Island district's jurisdiction, since the Motion To Quash and For Protective Order, as well as the Objections to the various Subpoenas Duces Tecum served upon the various counsel all involve attorneys, individuals and entities over whom the District of Rhode Island has

---

[3] Even if Rule 45(d)(1) is applied so as to require that this Court Rule on the Motion To Quash, if that portion of Mr. Bucci's Motion is Denied, the Protective Order portion of the Motion could still be transferred to the District of Rhode Island; moreover, the fact that the Rule 26(c) portion could be transferred mitigates heavily in favor of transferring the entire motion to Rhode Island for hearing and determination.

jurisdiction.[4]  As the Court is aware, the protective provisions of F.R.Civ.P. 45 and F.R.Civ.P. 26 are designed for the protection of the witnesses and for the protection and convenience of non-parties to the underlying litigation.  See, United States v. Star Scientific, Inc., 205 F.Supp.2d 482, 485-486 (D.Md. 2002), citing and quoting the Practice Commentaries and the Advisory Committee Notes to the 1991 Amendment to F.R.Civ.P. 45.  Mr. Bucci, who, like the attorneys in the Subpoena objections, is a non-party, not only consents to the transfer but has actually requested it, and respectfully suggests that the District of Rhode Island already has jurisdiction over him[5] through the pendency of the criminal action.[6]

WHEREFORE, pursuant to 28 U.S.C. §1404, Mr. Bucci respectfully moves this Honorable Court that his Motion To Quash Subpoena and For Protective Order be transferred to the District of Rhode Island for hearing and determination.

### REQUEST FOR HEARING

Mr. Bucci respectfully request a hearing on the within Motion To Transfer.

---

[4] The Court should also be aware that (a) pursuant to F.R.Civ.P. 26 disclosure requirements in the underlying litigation, the Plaintiff has identified James H. Leavey as a person with knowledge of relevant facts in her case.  Mr. Leavey is the First Assistant United States Attorney for the District of Rhode Island and is the lead prosecutor in the criminal case; and (b) the Plaintiff is a potential witness for the government and the defense in the criminal case.

[5] This Court's ability to decide what to do with the these motions derives initially from the issuing court's jurisdiction over the party served with the subpoena (see, e.g., In Re Armstrong v. Red River Entertainment, 1997 Bankr.LEXIS 1863, at 2, fn 1 (E.D.Ark., Pine Bluff Div. 1997), in this case Mr. Bucci, who happens to reside within the district.

[6] For example, Mr. Bucci's pretrial release conditions have been set by a United States Magistrate Judge in the District of Rhode Island and he reports to and is monitored by the Pretrial Services Offices in that District, despite the fact that he resides in Massachusetts.

Respectfully submitted,
DANIEL BUCCI,
By His Attorney,

Anthony M. Traini
BBO #501560
56 Pine Street-Suite 2
Providence, RI 02903
Tel. (401) 621-4700
Fax (401) 621-5888

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2004, I served a copy of the foregoing pleading by mail, postage prepaid, and by facsimile to 303.894.0104 upon:

Melissa A. Clack, Attorney at Law　　　　William T. Hogan, III, Esquire
Zupkus & Angell　　　　　　　　　　　　66 Long Wharf
555 Eighth Avenue　　　　　　　　　　　Boston, MA 02110
Denver, CO 80203

Anthony M. Traini