IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAY 26  P 12: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| PATRICIA A. EMERSON, | ) |
|  | ) |
| VS. | ) |
|  | ) |
| WEMBLEY USA, INC.; WEMBLEY INC; ROBERTY TY HOWARD in his personal capacity; and JEFFREY GOERGEN in his personal capacity, | ) |

CIVIL ACTION NO.
04 MC 10089 (NG)

**PLAINTIFF'S RESPONSE TO WEMBLEY'S MISCELLANEOUS PETITION FOR LEAVE TO TAKE DEPOSITION OF A PERSON CONFINED IN PRISON AND TO COMPEL ANSWERS TO DEPOSITION QUESTIONS**

Plaintiff Patricia Emerson ("Emerson"), through her attorneys, Campbell Campbell Edwards & Conroy, P.C. and Zupkus & Angell, P.C., hereby submits her Response to Wembley, Inc. and Wembley USA, Inc.'s (collectively, "Wembley") Miscellaneous Petition for Leave to Take Deposition of a Person Confined in Prison and to Compel Answers to Deposition Questions ("Petition for Leave"). In doing so, Emerson states as follows:

## I.   INTRODUCTION

### A.   Procedural History.

Emerson previously and timely subpoenaed Dan Bucci ("Bucci") for his deposition, but Bucci moved to quash the subpoena because he was undergoing a criminal trial in Rhode Island (the "Lincoln Park bribery-conspiracy trial"). The United States District Court for the District of Colorado ruled that Emerson timely subpoenaed Bucci and should be allowed to take Bucci's deposition before responding to Wembley's Motions for Summary Judgment or proceeding to trial. This case was temporarily stayed pending the deposition of Bucci.

After Emerson filed a Motion to Enforce Subpoena, the United States District Court for the District of Rhode Island held oral arguments on the enforceability of the subpoena issued to Bucci. On July 19, 2004, the Rhode Island District Court entered its Order regarding Motions by Bucci to Quash Subpoena or for Protective Order and by Emerson to Enforce Subpoena Issued to Daniel Bucci or to Modify Subpoena as Justice Requires. That Court's Order denied in part and allowed in part these motions.

The Order stated that Bucci's deposition in the matter of *Emerson v. Wembley, Inc.*, C.A. No. 03-N-1793 (BNB) would be allowed to proceed as soon as practicable following the verdict in Bucci's criminal case. The reason for the ordered delay of the deposition was for practical purposes. That Court reasoned that the criminal trial would end soon and Bucci would provide more information upon conclusion of the criminal trial. Counsel was to confer seven (7) days following the verdict in the criminal case to agree on a mutually convenient date for the deposition. At all times, Wembley vehemently opposed the proposed deposition of Bucci.

The criminal trial resulted in an acquittal for Bucci on several criminal charges. The remaining charges resulted in a hung jury. At the conclusion of the trial, prosecutors decided to retry those issues that resulted in a hung jury. Bucci was to face a retrial on bribery-conspiracy charges beginning April 26, 2005. The Rhode Island District Court stayed indefinitely the date for the second trial to decide certain pre-trial motions, including one that would move the trial to Massachusetts. The second criminal trial resulted in Bucci's conviction.

Emerson completed the deposition of non-party witness Bucci on November 16, 2005 in Providence, Rhode Island. Bucci was an officer and director of Wembley at the time Emerson worked for Wembley. Although Bucci has recently been convicted of conspiracy to commit wire fraud, he is preparing to appeal his conviction. *See* Deposition of Bucci, taken November

2

16, 2005 ("Bucci Dep.") at p. 10, lines 18-24; p. 11, lines 1-7, attached to Wembley's Petition for

Leave as Exhibit 1. Accordingly, Bucci declined to answer the vast majority of the deposition

questions posed in the present case. Instead, Bucci asserted his Fifth, Sixth, and Fourteenth

Amendment rights under the United States Constitution. *See* Bucci. Dep. generally, attached to

Wembley's Petition for Leave as Exhibit 1.

In Emerson's Response to Wembley's Second Renewed Motion for Summary Judgment

and Partial Summary Judgment ("Response to Second MSJ"), which was filed on December 22,

2005, Emerson requested that the U.S. District Court for the District of Colorado order an

adverse inference against Wembley for each of the unanswered questions in Bucci's deposition,

in order to preserve fairness and justice in that case. *See* Response to Second MSJ at p. 44,

attached to Wembley's Petition for Leave as Exhibit 2.

Subsequently, on February 9, 2006, Wembley submitted its Motion to Compel Answers

to Deposition Questions by Witness Dan Bucci ("Motion to Compel") to the U.S. District Court

for the District of Rhode Island. *See* Motion to Compel, attached to Wembley's Motion for

Leave as Exhibit 4. In its Motion, Wembley requested that the Court compel Bucci to provide

deposition testimony or, in the alternative, that the Court transfer jurisdiction over the Motion to

the District of Colorado. *See* Motion to Compel at p. 2. Emerson timely filed her Response to

Wembley's Motion to Compel ("Emerson's Response") on February 27, 2006. *See* Emerson's

Response, attached hereto as **Exhibit A**. Bucci also filed an Objection to Wembley's Motion to

Compel ("Bucci's Objection") on February 27, 2006. *See* Bucci's Objection, attached hereto as

**Exhibit B**. Wembley's Motion to Compel was subsequently denied without prejudice. *See*

Order, attached to Wembley's Petition for Leave as Exhibit 5. In its Order denying Wembley's

Motion to Compel, the Rhode Island District Court stated that, because Bucci is incarcerated in

Massachusetts, any petition to compel Bucci to answer deposition questions must be filed with the District of Massachusetts. *See* Order. Wembley submitted its Petition for Leave to compel Bucci to answer deposition questions with the District of Massachusetts on May 17, 2006.

In this case, it would be unreasonable for the Court to issue an order compelling Bucci to provide yet additional deposition testimony. Emerson was already forced to wait almost two years for Bucci's deposition testimony. During this considerable amount of time, her lawsuit was put on hold. Wembley repeatedly objected to Emerson deposing Bucci. Bucci's deposition was only obtained after considerable delay, inconvenience, and expense to Emerson. An order requiring Bucci's deposition will only serve to further delay her lawsuit and would be unduly prejudicial. Wembleys' request is a transparent attempt to foil the discovery process and waste judicial resources. Further, Bucci had reasonable cause to plead the Fifth, Sixth, and Fourteenth Amendment privileges during his deposition.

Wembley's Petition for Leave should be rejected because (1) an order compelling Bucci to provide additional deposition testimony would unfairly cause Emerson unreasonable delay and expense; (2) Bucci had reasonable cause to plead the Fifth, Sixth and Fourteenth Amendment privileges during his deposition; (3) Wembley's Petition for Leave is not ripe for review because the District of Colorado has not granted any adverse inferences at this time; and (4) Wembley is simply forum shopping for a favorable verdict. For all the foregoing reasons, Wembley's Petition for Leave should be **DENIED** by the Court.

## II.    ARGUMENT

### A.    Requiring Yet Another Deposition Of Dan Bucci Would Unfairly Cause Emerson Additional Unreasonable Delay and Expense.

In its Petition for Leave, Wembley petitions the Court for an order (1) permitting Wembley to take an additional deposition of Bucci, and (2) compelling Bucci to answer

deposition questions. *See* Petition for Leave at p. 1. However, Wembley's request should be denied because allowing yet another deposition of Bucci would only serve to further delay the trial of this matter in Colorado and cause Emerson additional expense. Emerson has already been forced to put her civil case on hold for almost two years, pending the resolution of Bucci's criminal case. During this considerable amount of time, Wembley repeatedly objected to Emerson deposing Bucci. Because of Wembley's unrelenting refusal to cooperate with Bucci's deposition, Emerson's counsel was repeatedly forced to travel over 1,700 miles from Denver, Colorado to Providence, Rhode Island to attend hearings in this matter. Bucci's deposition was only obtained after considerable delay, inconvenience, and expense to Emerson. Basic fairness argues against an order compelling additional testimony from Bucci, because yet another deposition of Bucci would only serve to further delay the trial of this matter, not to mention cause Emerson additional expense.

Basic fairness also argues against granting Wembley leniency in discovery. Wembley should not now be allowed to redepose Bucci just because it, after fighting Bucci's deposition for two years, now finds Bucci's testimony necessary to defeat an adverse inference. As capably argued in Bucci's Objection filed in the United States District Court for the District of Rhode Island, Wembley's strategy in this litigation from the very beginning was to stonewall Emerson for as long as possible by keeping Bucci from testifying at all. *See* Bucci's Objection at p. 6, attached hereto as **Exhibit B**. Wembley should not be allowed to compel Bucci's deposition testimony now that it serves Wembley's best interests to do so.

In order to preserve judicial efficiency, Emerson respectfully refers this Court to Emerson's Response to Wembley's Motion to Compel for a more detailed analysis of why yet another deposition of Bucci would unfairly cause Emerson additional delay and expense. *See*

Emerson's Response, which is attached hereto as **Exhibit A**, and incorporated by reference

herein.  Because a second deposition of Bucci would impose an undue burden upon Emerson,

and because Wembley has already had numerous opportunities to cooperate with obtaining

Bucci's deposition testimony and yet have repeatedly failed to do so, Emerson has shown "good

cause" to limit discovery pursuant to Fed. R. Civ. P. 26(c).  In the interests of fairness and

justice, Wembley's Petition or Leave should be **DENIED**.

> **B.     Bucci Had Reasonable Cause To Plead The Fifth, Sixth And Fourteenth Amendment During His Deposition.**

Next, Wembley argues that Bucci did not properly invoke the Fifth, Sixth, and Fourteenth

Amendments, and that the questions Bucci refused to answer could not reasonably be construed

to subject him to criminal liability.  *See* Petition for Leave at pp. 5-6.  In support thereof,

Wembley cites case law from the 10th Circuit.  However the law of the First Circuit or of the

U.S. District Court for the District of Massachusetts governs in this case.  In the interest of

judicial expediency, Emerson respectfully refers this Court to Emerson's Response to

Wembleys' Motion to Compel, and Bucci's Objection thereto, for an in-depth analysis of the

appropriate case law on this issue.  *See* Emerson's Response, attached hereto as **Exhibit A**;

Bucci's Objection, attached hereto as **Exhibit B**.  The case law and arguments set forth in

Emerson's Response and Bucci's Objection on this issue are incorporated by reference herein.

Pursuant to appropriate federal law, Bucci reasonably pled the Fifth, Sixth, and Fourteenth

Amendments during his deposition on November 16, 2005.

In its Petition for Leave, Wembley argues that "when it is clear that the witness is

asserting his Fifth Amendment privilege 'as a subterfuge, the court should compel the witness to

answer.'"  *See* Petition for Leave at p. 6 (citing In re Brogna, 589 F.2d 24, 27 (1st Cir. 1978)).

However, Wembley has utterly failed to offer any evidence whatsoever that would show Bucci

asserted the Fifth Amendment at his deposition as a "subterfuge." Rather, as capably argued in

Bucci's Objection, Bucci has already been indicted, tried twice, and convicted once for matters

arising out of his position as General Manager of Lincoln Park. *See* Bucci's Objection at p. 3.

Bucci's risk is not speculative. Bucci reasonably pled the Fifth, Sixth, and Fourteenth

Amendment privileges because his testimony "embraces those which would furnish a link in the

chain of evidence needed to prosecute the claimant for a federal crime." *See* Hoffman v. U.S.,

341 U.S. 479 (1951). The government's case against Bucci is grounded entirely in actions

allegedly taken by Bucci while in his position at Lincoln Park, and that position is a link in the

chain of evidence needed to prosecute him. *See* Bucci's Objection at p. 3, attached hereto as

**Exhibit B**. Bucci's responses to questions about the conditions of Emerson's employment and

termination could reasonably be "links in a chain of evidence" that could be incriminating for

Bucci. *See* Emerson's Response at p. 12, attached hereto as **Exhibit A**. Further, Bucci did not

plead the Fifth, Sixth, and Fourteenth Amendments in response to all questions posed by

Emerson. Rather, Bucci only plead the Fifth, Sixth, and Fourteenth Amendments in response to

certain questions. Bucci had counsel present who advised him with regards to when the privilege

applied.

Wembley argues that double jeopardy bars any subsequent prosecution of Bucci based on

the facts Bucci might disclose in his deposition. *See* Petition for Leave at p. 7. However, Bucci

did not plead nolo contendere and the mere fact he was prosecuted does not implicate double

jeopardy. *See* Bucci's Objection at p. 4. Bucci is still entitled to plead the Fifth, Sixth, and

Fourteenth Amendments because Bucci is appealing his criminal conviction. *See* Bucci Dep. at

p. 8, line 2, attached to Petition for Leave as Exhibit 1. Bucci's Objection capably addresses the

issue of double jeopardy, and Emerson respectfully directs the Court to that pleading for a more detailed analysis of this issue. *See* Bucci's Objection at pp. 4-6, attached hereto as **Exhibit B**.

It is not for Wembley to decide whether or not Bucci's silence was justified. Because Bucci (1) had counsel present, and (2) only pled the Fifth, Sixth, and Fourteenth Amendments in response to specific questions, Bucci appropriately asserted his rights during his November 16, 2005 deposition. Further, because Bucci is appealing his criminal conviction, the Fifth, Sixth, and Fourteenth Amendments will still apply in any future depositions of Bucci. Accordingly, Bucci is entitled to a presumption of good faith in his invocation of his rights during his deposition testimony, and Wembley's Petition for Leave should be **DENIED**.[1]

C.     **Wembley's Petition For Leave Is Not Ripe At This Time Because The District Court Of Colorado Has Not Yet Granted Any Adverse Inferences.**

Despite repeatedly objecting to Bucci's deposition over a two-year period, Wembley is now seeking to compel deposition questions from Bucci. However, Wembley's Petition for Leave is not ripe for review at this time. In Emerson's Response to Second MSJ, Emerson requests an adverse inference for the deposition questions Bucci refused to answer. *See* Response to Second MSJ at p. 44, attached to Petition for Leave as Exhibit 2. Wembley is clearly seeking to compel Bucci's deposition testimony in order to avoid having the District of Colorado grant Emerson an adverse inference. *See* Petition for Leave at p. 2; Wembley's Reply in Support of Second Renewed Motion for Summary and Partial Summary Judgment, attached to Petition for Leave as Exhibit 3. However, the issue of compelling testimony to defeat Emerson's use of the inference is not ripe at this time.

---

[1] Although Emerson does not believe that this Court is the proper venue to argue her position with regards to drawing a negative inference, it is Emerson's position, nonetheless, that the appropriate remedy is to draw an adverse inference against Wembley for the questions Bucci refused to answer. This issue has already been briefed for the United States District Court for the District Of Colorado.

A determination of ripeness depends on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *See* <u>Abbott Labs. v. Gardner</u>, 387 U.S. 136, 149 (1967). Wembley's Petition for Leave is not fit for judicial decision at this time because there has been no ruling by the District Court in Colorado granting adverse inferences to Emerson. Wembley will not experience any hardship if this Court denies Wembley's Petition for Leave on ripeness grounds. It is likely that, if no adverse inferences are granted, Wembley will no longer be eager to obtain Bucci's testimony in this case. Further, Wembley can always re-submit its Petition for Leave with this Court when the Motion is properly ripe for review. Unless and until there has been a ruling by the District Court in Colorado that the inference can be drawn, Wembley's Petition for Leave is not ripe for review and should be **DENIED**.

**D.    Wembley's Request To Transfer Jurisdiction Of Its Motion To The District Court Of Colorado Is A Blatant Example Of Forum Shopping.**

In its Petition for Leave, Wembley request this Court transfer jurisdiction over Wembley's Motion to the U.S. District Court for the District of Colorado. *See* Petition for Leave at p. 4. However, Wembley's request should be denied as a blatant example of forum shopping. At the time Wembley filed its Second Renewed Motion for Summary and Partial Summary Judgment ("Motion For Summary Judgment"), Wembley did not indicate to the District of Colorado trial judge that there was a problem with Bucci's testimony. Wembley did not object to Bucci's testimony until it filed its Motion to Compel on February 10, 2006, at least two and a half months after Bucci's deposition. In fact, Wembley waited to object until a ruling on its Motion for Summary Judgment was pending with the District of Colorado. By failing to notify the Honorable Judge Nottingham of any problem, waiting at least two and a half months to object to Bucci's deposition testimony, and only objecting once an order on its Motion for Summary Judgment was pending, Wembley is transparently shopping for the most favorable

forum. For this reason, Wembley's request to transfer jurisdiction to the District of Colorado should be **DENIED**.

### III.    CONCLUSION

Wembley's Petition for Leave should be denied, because: (1) requiring yet another deposition of Bucci would unfairly and unreasonably cause additional delay and expense for Emerson in this case; (2) Bucci had reasonable cause to plead the Fifth, Sixth and Fourteenth Amendment privileges during his deposition; (3) Wembley's Petition for Leave is not ripe for review at this time because there has been no ruling by the District Court in Colorado granting any adverse inferences to Emerson; and (4) Wembley's request for a transfer of jurisdiction to the District of Colorado is a transparent attempt at forum shopping for a favorable verdict with regards to its pending Motion for Summary Judgment. Accordingly, Wembley's Petition for Leave should be **DENIED**.

WHEREFORE, and based on the foregoing, Emerson respectfully requests this Court to deny Wembley's Petition for Leave in its entirety. Emerson further requests any additional relief this Court may deem just and proper.

PATRICIA A. EMERSON

By her Attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

Christopher Howe, Esquire (BBO #652445)
One Constitution Plaza, 3rd Floor
Boston, MA 02129
(617) 241-3029

- and -

ZUPKUS & ANGELL, P.C.
Melissa Clack, Esquire
555 E. Eighth Avenue
Denver, CO 80203
(303) 894-8948

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for the Plaintiff, Patricia A. Emerson, hereby certify that on May 25, 2006, I served a copy of the forgoing RESPONSE TO WEMBLEY'S MISCELLANEOUS PETITION FOR LEAVE TO TAKE DEPOSITION OF A PERSON CONFINED IN PRISON AND TO COMPEL ANSWERS TO DEPOSITION QUESTIONS by by first class U.S. Mail, postage prepaid, to the following counsel of record:

Kristen L. Mix, Esquire
Snell & Wilmer LLP
1200 Seventeenth Street, Suite 1900
The Tabor Center
Denver, CO 80202

Anthony M. Traini, Esquire
56 Pine Street
Providence, RI 02903

_____
Christopher Howe, Esquire

11